# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 25, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| BRIAN ANKLAM and KAREN | * | |
| ANKLAM, as the legal representatives of | * | |
| their daughter, N.A., deceased, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 17-2061V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

Curtis R. Webb, Twin Falls, ID, for petitioner.
Robert Paul Coleman, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 29, 2017, Brian Anklam and Karen Anklam ("petitioners"), as legal representatives of the estate of their daughter, N.A., deceased, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the Haemophilus influenzae type B ("Hib"), pneumococcal conjugate ("Prevnar"), Hepatitis A, and Mumps, Measles, Rubella, Varicella ("MMRV") vaccines N.A. received on June 23, 2016, N.A. developed a fever and passed away on July 1, 2016. Petition at 2.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 27, 2020, petitioners filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on their case. Petitioners' Motion for Interim Fees and Costs ("Pet. Mot."), dated Apr. 27, 2020 (ECF No. 41). Petitioners' request can be summarized as follows:

**Attorneys' Fees** – $79,861.90
**Attorneys' Costs** – $25,693.35

Petitioners thus request a total of $105,555.25. Respondent filed his response on May 10, 2020, stating that he "respectfully recommends that the Court exercise its discretion regarding petitioner's request for an interim award of attorneys' fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), dated May 10, 2020, at 4 (ECF No. 42).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards **$104,225.65** in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

  A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioners request the following hourly rates for the attorney and paralegal who worked on this matter:

**Mr. Curtis Webb – Attorney**
    2017: $424.00
    2018-2019: $440.00
    2020: $458.50

**Mr. Alexander Webb – Paralegal**
    2017-2018: $100.00
    2019: $135.00
    2020: $145.00

The undersigned finds that the requested rates for 2017-2019 are reasonable and in accordance with what this attorney has previously been awarded for his Vaccine Program work. See, e.g., Fuller v. Sec'y of Health & Human Servs., No. 15-1470V, 2019 WL 4648907, at *5 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (awarding $424.00 per hour for work performed in 2017 and awarding $440.00 per hour for work performed in 2018 and 2019); Rodela v. Sec'y of Health & Human Servs., No. 17-236V, 2020 WL 583841 (Fed. Cl. Spec. Mstr. Jan. 10, 2020) (awarding $424.00 per hour for work performed in 2017 and awarding $440.00 per hour for work performed in 2018 and 2019). These 2017-2019 rates also align with what the undersigned has approved for Mr. Webb's paralegal in the past. See, e.g., Jackson v. Sec'y of Health & Human Servs., No. 17-682V, 2018 WL 2772347 (Fed. Cl. Spec. Mstr. June 19, 2018); Kochman

3

v. Sec'y of Health & Human Servs., No. 17-491V, 2018 WL 4391047 (Fed. Cl. Spec. Mstr. May 15, 2018). The undersigned will therefore award the rates requested.

Mr. Webb proposed that his 2020 hourly rate be increased to $458.50, which represents a $18.50 per hour increase from his prior 2019 rate. See Pet. Mot. Ex. B. The undersigned finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for an attorney of counsel's experience.[3] Moreover, the undersigned finds the amount of the increase to be reasonable in consideration of counsel's increased experience and quality of work as well as increases in the cost of legal services generally. Thus, the undersigned awards Mr. Webb a rate of $458.50 per hour for work performed in 2020. Accordingly, Mr. Webb proposed the 2020 hourly rate of his paralegal be increased to $145.00, which represents a $10.00 per hour increase from his prior 2019 rate. See id. The undersigned likewise finds the proposed rate reasonable, as it remains consistent with the rates reflected in the Hourly Rate Fee Schedule for counsel's paralegal's experience.

Petitioners' counsel requests compensation for 40.2 hours for 2017, 44.5 hours for 2018, 77.7 hours for 2019, and 3.6 hours for 2020. Pet. Mot. at 2. Petitioners' counsel also requests compensation for 0.8 hours for 2017, 10.5 hours for 2018, 24.2 hours for 2019, and 20.7 hours for 2020 for petitioners' counsel's paralegal. Id. A review of the hours billed by Mr. Webb shows Mr. Webb billed clerical and administrative activities at an attorney rate. Mr. Webb has previously been warned against this practice in the past. See Rothstein v. Sec'y of Health & Human Servs., No. 14-778V, 2019 WL 4013417, at *5 (Fed. Cl. Spec. Mstr. July 31, 2019). Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as setting up meetings, reviewing invoices, and filing documents, "for which neither an attorney nor a paralegal should charge." Hoskins v. Sec'y of Health & Human Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical/secretarial in nature. Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system."); Silver v. Sec'y of Health & Human Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks").

---

[3] The 2020 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys–Forum–Rate–Fee–Schedule–2020.pdf.

4

Therefore, the hours Mr. Webb charged for clerical work will not be compensated, resulting in a reduction of $829.60.[4]  Furthermore, the undersigned determines that the hours billed by Mr. Webb's paralegal are reasonable.  Therefore, the undersigned will award the fees requested.

Accordingly, taking into account the fee reductions described above, petitioners are awarded attorneys' fees in the amount of $79,032.30, which represents a reduction of $829.60 for clerical billing.

    **B.**    **Attorneys' Costs**

        **1.**    **Expert Fees**

Petitioners request a total of $23,775.00 for work performed by Dr. Marcel Kinsbourne and Dr. Douglas Miller.  Dr. Kinsbourne billed a total of 28.05 hours, at an hourly rate of $500.00, less the $1,500 retainer fee already paid to Dr. Kinsbourne.  Pet. Mot., Ex. C.  Dr. Miller billed a total of 18.5 hours, at an hourly rate of $500.00, including a $1,000.00 retainer. Pet. Mot., Ex. D.

The undersigned finds $500.00 is a reasonable rate for Dr. Kinsbourne's and Dr. Miller's work in this case.  However, concerning Dr. Miller, Dr. Miller overbilled for his time in December 2018.  See Pet. Mot., Ex. D at 2.  Dr. Miller recorded one hour of work, but charged for two.  Id.  Therefore, the reduction to Dr. Miller's invoice is $500.00.  Petitioners are therefore awarded $23,275.00 for expert fees.

        **2.**    **Miscellaneous Costs**

Petitioners request $1,918.35 to cover their attorney's other miscellaneous expenses, including the filing fee, Fed Ex costs, medical records, and other expenses.  Pet. Mot., Ex. B.  The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II.  CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $ 79,861.90 |
| Reduction of Attorneys' Fees: | - ($ 829.60) |
| Awarded Attorneys' Fees: | $ 79,032.30 |
| | |
| Requested Attorneys' Costs: | $ 25,693.35 |
| Reduction of Attorneys' Costs: | - ($ 500.00) |

---

[4] Reductions include: $169.60 on December 29, 2017, $572.00 on March 28, 2018, and $88.00 on January 14, 2019.

| | |
|---|---|
| Awarded Attorneys' Costs: | $ 25,193.35 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 104,225.65** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $104,225.65, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Mr. Curtis Webb.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.